**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

WILLIS YAZZIE,

    Plaintiff-Petitioner,

v.                                                                              CV 14-0894 JB/CG
                                                                             CR 10-1761 JB

UNITED STATES OF AMERICA,

    Defendant-Respondent.

**ORDER DENYING MOTION FOR RECONSIDERATION**

**THIS MATTER** is before the Court on Petitioner Willis Yazzie's *Motion for Reconsideration for Denying Motion for Discovery* (the "Motion"), (CV Doc. 37), filed August 15, 2016.[1] In the Motion, Petitioner requests that the Court reconsider its *Order Denying Motion for Discovery* (the "Order"), (CV Doc. 36), filed July 29, 2016. Respondent did not file a Response to the Motion, and the time for doing so has passed. D.N.M.LR-Civ. 7.4(a). After reviewing the Motion and the relevant law, the Court finds that the Motion should be **DENIED**.

    **I.**    **Procedural History**

The Motion is before the Court following lengthy proceedings on Petitioner's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (the "Petition"), (CV Doc. 1), filed October 3, 2014, which United States District Judge James O. Browning dismissed with prejudice on October 31, 2015, (CV Doc. 23). In his original Petition, Petitioner requested the Court allow Petitioner to withdraw his guilty plea on account of ineffective assistance of counsel. (CV Docs. 1 at 2, 9 at 12). Petitioner asserted that his counsel was ineffective for not attempting to

---

1 Documents referenced as "CV Doc. ___" are from case number 14-cv-0894-JB-CG. Documents referenced "CR Doc. ___" are from case number 10-cr-1761-JB-1.

suppress Petitioner's confession in the underlying criminal case. (CV Docs. 1 at 1, 9 at 4). Petitioner advanced two theories. First, Petitioner stated he was illegally seized from tribal jail, therefore his Fourth Amendment rights were violated and his confession should have been suppressed under the fruit of the poisonous tree doctrine. (CV Doc. 1 at 1-2). Second, Petitioner claimed he was compelled to confess when the interrogating FBI agent confronted Petitioner with his medical record, which Petitioner contended was illegally obtained. (CV Doc. 1 at 1). Petitioner argued his trial counsel was ineffective for not pursuing those theories in an attempt to suppress Petitioner's confession. (CV Doc 9 at 4). Petitioner contended that if his confession were suppressed he could and would have pled to a lesser offense and received a lesser sentence. (CV Doc. 9 at 4).

In its *Proposed Findings and Recommended Disposition* (the "PFRD"), the Court recommended denying Petitioner's Petition. (CV Doc. 21 at 13). The Court explained that in order to show ineffective assistance of counsel in connection with a plea agreement, a petitioner must show that he would have gone to trial but for trial counsel's ineffective assistance. (CV Doc. 21 at 5). Thus, it was not enough for Petitioner to allege that he would have pled to a lesser offense and received a lower sentence; Petitioner must show that he would have gone to trial if his confession were suppressed. (CV Doc. 21 at 10). Petitioner did not allege or plead any facts suggesting he would have gone to trial if his confession was suppressed, and the circumstances surrounding the plea suggest Petitioner would not have gone to trial. (*See* CV Doc. 21 at 10-11). Because Petitioner failed to allege facts even suggesting ineffective assistance of counsel, the Court recommended denying Petitioner's Petition. (CV Doc. 21 at 13).

On August 3, 2015, Petitioner filed a document titled *Affidavit*, which was construed as objections to the Court's recommendation (the "Objections"). (CV Doc. 23 at 5). In his Objections, Petitioner described the factual circumstances surrounding his arrest, interrogation, and conversations with trial counsel regarding suppression of Petitioner's confession. (CV Doc. 22 at 1-2). At the end of the Objections, Petitioner posed a number of rhetorical questions: "Did [the FBI] have probable cause to pick [Petitioner] up from Shiprock Tribal Jail? See *Dunaway v. New York*, 442 U.S. 200. Can my statement be suppres[sed] under *Dunaway*? Was my 4th Amendment [right] violated?" (CV Doc. 22 at 2). In *Dunaway*, the United States Supreme Court held that a defendant's confession was inadmissible at trial because the defendant was unconstitutionally seized in violation of his Fourth Amendment rights. 442 U.S. at 218-19. Thus, Petitioner continued to pursue the theory that his confession should have been suppressed because his Fourth Amendment rights were violated.

On October 31, 2015, Judge Browning adopted this Court's recommendation and dismissed the Petition with prejudice. (CV Doc. 23 at 9). Petitioner petitioned the Tenth Circuit Court of Appeals for a certificate of appealability, (CV Doc. 28), which was denied on February 4, 2016, (CV Doc. 31). Petitioner then filed a petition for writ of certiorari with the United States Supreme Court, (CV Doc. 33), which was also denied, 578 U.S.__ (May 16, 2016).

Then, on July 11, 2016, Petitioner filed a *Motion for Discovery and Inspection* ("Discovery Motion"). (CV Doc. 35). In the Discovery Motion, Petitioner requested in part "[a]ll written or recorded statements made by" Petitioner. (CV Doc. 35 at 1). Petitioner argued that he needed a transcript of his statements to prove that he was illegally

transported out of Shiprock Tribal Jail and unlawfully interrogated by an FBI agent in violation of his 4th Amendment rights. (CV Doc. 35 at 1). On July 29, 2016, this Court denied the Discovery Motion because the issue before the Court in these proceedings is whether Petitioner was denied effective assistance of counsel; not whether Petitioner was unconstitutionally arrested or interrogated. (CV Doc. 36 at 2).

In the instant Motion, Petitioner argues that he needs a transcript of his confession and interrogation in order to show that his confession was coerced through promises of leniency. (CV Doc. 37 at 1-2). Petitioner states that when he was interrogated, the interrogating FBI agent promised Petitioner he would not go to jail if he told the truth, and that this pressured Petitioner into confessing. (CV Doc. 37 at 2). Petitioner cites *Sharp v. Rohling*, 793 F.3d 1216 (10th Cir. 2015), for the proposition that promises of leniency make a confession unconstitutionally compelled. (CV Doc. 37 at 2). Further, Petitioner argues that *Sharp* constitutes "newly discovered evidence" warranting reconsideration because Petitioner previously focused on researching law related to illegal arrests, not coerced confessions. (CV Doc. 37 at 2). Petitioner contends again that he was illegally arrested and his confession was unconstitutionally obtained, therefore his trial counsel was ineffective for not seeking to suppress his confession. (CV Doc. 37 at 2). However, this is the first time Petitioner has argued his confession was coerced through promises of leniency.

**II.    Analysis**

Motions to reconsider are typically granted for four reasons: (1) to correct manifest errors; (2) to allow the moving party to present newly discovered evidence; (3) to prevent manifest injustice; and (4) to account for an intervening change in controlling law. 11

CHARLES ALAN WRIGHT, ET AL., FED. PRAC. & PROC. CIV. § 2810.1 (3d ed. 1998); *see Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a petitioner may not re-litigate settled issues or present arguments and evidence that could have been raised before. *Servants of the Paraclete*, 204 F.3d at 1012. Evidence may be "newly discovered" if it arises after the initial ruling or the moving party shows it diligently sought the evidence prior to the initial ruling. *Bell v. Bd. of Cty. Comm'rs*, 451 F.3d 1097, 1102 (10th Cir. 2006).

Here, Petitioner claims that he has newly discovered evidence and presents a new legal argument–that his confession was unconstitutionally coerced. The Court finds these grounds unpersuasive. First, Petitioner could have raised the issue of his coerced confession before, but he did not. Petitioner's current argument is different from one of his original arguments, which was that he was compelled to confess when confronted with illegally-obtained evidence. (*See* CV Doc. 1 at 1). In the instant Motion, Petitioner states that in CR Docs. 25 and 26 Petitioner asked his attorney to suppress his confession because the interrogating FBI agent compelled him to confess. (CV Doc. 37 at 1). However, neither document contains these allegations. (*See* CR Docs. 25 and 26). Petitioner's first letter states he would like a new attorney because trial counsel would not file a motion to suppress. (CR Doc. 25 at 1). Petitioner's second letter states he would like new counsel because Petitioner could not work with and did not trust his trial counsel. (CR Doc. 26 at 1).

Second, Petitioner has not shown that *Sharp* is new evidence. Instead, Petitioner seems to have confused new evidence with new legal arguments. The *Sharp* opinion is not new evidence. Rather, Petitioner is using *Sharp* as the foundation for a new legal

5

argument, i.e. that his confession was coerced. Petitioner may not use a motion to reconsider to raise new legal arguments that he could or should have raised previously. *Servants of the Paraclete v. Great Am. Ins.*, 866 F. Supp. 1560, 1581 (D.N.M. 1994).

The Court notes it must construe Petitioner's filings liberally and hold them to a less stringent standard because he is proceeding *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, Petitioner never raised his current argument in prior filings. Petitioner has consistently pursued the theory that his arrest was illegal, therefore his confession was fruit of the poisonous tree, and his trial counsel should have suppressed his confession on those grounds. (*See* CV Docs 1, 9, 23). If Petitioner wishes to argue that his guilty plea should be withdrawn because his confession was coerced, Petitioner should do so in a new § 2255 motion.

Finally, Petitioner states that he does not understand what the Court means when it says he must demonstrate ineffective assistance of counsel. (CV Doc. 37 at 2). Petitioner appears to argue that if he shows he was unconstitutionally arrested or that his confession was compelled, the Court should automatically find that he was denied effective assistance of counsel because his trial counsel did not try to suppress his confession. (CV Doc. 37 at 2).

Petitioner must show two things to prove ineffective assistance of counsel. First, that his trial counsel's performance was "completely unreasonable, not simply wrong." *Fox v. Ward*, 200 F.3d 1286, 1295 (10th Cir. 2000). Second, that Petitioner would not have pled guilty and would have insisted on going to trial but for his trial counsel's errors. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Even assuming for the sake of argument that Petitioner's trial counsel was "completely unreasonable" for not attempting to suppress

Petitioner's coerced confession, Petitioner must still show that, but for his counsel's ineffective assistance, Petitioner would have insisted on going to trial instead of accepting a plea. As the Court noted in the PFRD, Petitioner probably would not have gone to trial given the factual circumstances in this case. (*See* Doc. 21 at 10-11). Further, Petitioner has not alleged any facts suggesting he would have gone to trial if counsel attempted to suppress Petitioner's confession. Thus, even if the Court granted Petitioner's Motion and Petitioner were able to prove his counsel was unreasonably deficient, Petitioner has still not satisfied both prongs necessary to establish inefficient assistance of counsel.

### III.    Conclusion

For the foregoing reasons, Petitioner has not established grounds warranting reconsideration of the Court's *Order Denying Motion for Discovery*, (CV Doc. 36). **IT IS THEREFORE ORDERED** that Petitioner's *Motion for Reconsideration for Denying Motion for Discovery*, (CV Doc. 37), is **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE