IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIS YAZZIE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CV 14-894 JB/CG
CR 10-1761 JB/GBW

## ORDER DENYING MOTION FOR DISCOVERY

**THIS MATTER** is before the Court on Petitioner Willis Yazzie's *Motion for Discovery* ("Motion"), (Doc. 40), filed on November 13, 2018. In his Motion, Mr. Yazzie requests information related to the discovery conducted in his criminal case and a copy of his plea agreement. (Doc. 40 at 1). Mr. Yazzie states that he needs this information "so he can get better prepared to answer his § 2255 Motion that is pending at this time." *Id.* In ruling on Mr. Yazzie's motion, the Court will apply the Rules Governing Section 2255 Proceedings for the United States District Courts.

This case began in 2014, when Mr. Yazzie filed his first section 2255 motion ("§ 2255 motion"). (Doc. 1). On July 22, 2015, the undersigned recommended that Mr. Yazzie's § 2255 motion be dismissed. (Doc. 21). Shortly thereafter, United States District Judge James O. Browning adopted the Court's recommendation and dismissed Mr. Yazzie's § 2255 motion. (Doc. 23). Mr. Yazzie then promptly filed a notice of appeal with the United States Court of Appeals for the Tenth Circuit, requesting a certificate of appealability to challenge the district court's dismissal of his § 2255 motion. (Doc. 24). The Tenth Circuit denied Mr. Yazzie's certificate of appealability, explaining that such a

remedy is only available when the petitioner makes a "substantial showing" of a denial of a constitutional right. (Doc. 31 at 1).

Following the Tenth Circuit's decision, Mr. Yazzie petitioned the United States Supreme Court for a writ of certiorari. (Doc. 33). On May 16, 2016, the Supreme Court denied Mr. Yazzie's petition without comment. *Yazzie v. U.S.*, 136 S.Ct. 2029 (2016). Less than one month after the Supreme Court's denial of the writ, Mr. Yazzie filed a motion with this Court seeking discovery and inspection for use in his "second or successive" § 2255 motion ("second § 2255 motion"). (Doc. 35). The Court denied Mr. Yazzie's request for discovery, explaining that even with the discovery he demanded, he would not be entitled to relief by filing a second § 2255 motion. (Doc. 36). Mr. Yazzie then filed a motion for reconsideration, explaining to the Court that he intends to file a second § 2255 motion because of newly discovered evidence. (Doc. 37). In addition, Mr. Yazzie stated that he could demonstrate "good cause" for the government to produce his 2010 statement to the FBI agent who investigated his case. *Id.* at 1. The Court denied Mr. Yazzie's motion for reconsideration. (Doc. 38).

Mr. Yazzie then petitioned the Tenth Circuit for authorization to file a second § 2255 motion, asserting similar grounds as those alleged in his first § 2255 motion. (Doc. 39). The Tenth Circuit denied Mr. Yazzie's request, explaining that such relief was only granted in narrow circumstances: if (1) new evidence is discovered which proves by clear and convincing evidence that he is not guilty of the offense, or (2) a new rule of constitutional law becomes available. *Id.* at 1-2.

Over a year has passed since the Tenth Circuit's denial of Mr. Yazzie's request to file a second § 2255 motion. Mr. Yazzie now presents the current motion, seeking

discovery for his pending § 2255 motion. (Doc. 40). The Court has reviewed the nearly 300 combined filings in both Mr. Yazzie's criminal case and on his civil docket to understand the context of his current motion. The Court concludes that Mr. Yazzie has filed his present motion in the wrong case, because the present matter is closed.

Mr. Yazzie has filed a recent § 2255 motion in his criminal case, CR 10-1761. (Cr. Doc. 235). It therefore appears that Mr. Yazzie's current request for discovery was likely intended to be filed in CR 10-1761.

**IT IS THEREFORE ORDERED** that Mr. Yazzie's *Motion for Discovery*, (Doc. 40), is **DENIED WITHOUT PREJUDICE**, allowing him to refile his motion in the correct case.

**IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE