IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                                      No. CR 10-01761 JB
                                                      No. CV 14-00894 JB/CG

WILLIS J. YAZZIE,

        Defendant/Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Defendant Willis Yazzie's *Letter to the Court*, (Doc. 42), filed September 9, 2021; his *Motion Pursuant to Rule 60(b)(6) Federal Rules of Civil Procedure* (the "Motion to Reconsider"), (Doc. 44), filed October 4, 2021; his *Letter to District Judge James O. Browning,* (Doc. 45), filed November 3, 2021; and his *Motion for Writ of Mandamus* (the "Motion for Mandamus"), (Doc. 46), filed December 1, 2021. Respondent has filed no response to the two letters or the two motions, and the time for doing so has now passed. *See* D.N.M.LR-Civ. 7.4(a) ("A response must be served and filed within fourteen (14) calendar days after service of the motion.").

This matter was assigned to the undersigned on October 3, 2014, and on October 6, 2014, United States District Judge James O. Browning referred this case to the undersigned to perform legal analysis and recommend an ultimate disposition. (Doc. 2). After considering Mr. Yazzie's filings, the record, and the relevant law, the Court **RECOMMENDS** that the Motion to Reconsider be **DENIED** and the Motion for Mandamus be **DENIED AS MOOT**.

Mr. Yazzie is currently incarcerated at the Federal Correctional Institution ("FCI") in Anthony, Texas, as a result of his 2011 guilty plea to aggravated sexual abuse. (Doc. 23 at 2); (Doc. 46 at 2). He was previously incarcerated at the FCI in Big Spring, Texas. (Doc. 23 at 2). In 2014, Mr. Yazzie filed a *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* (the "§ 2255 motion"), (Doc. 9), arguing ineffective assistance of counsel. Specifically, he argued that his counsel failed to seek suppression of his statement under the Fourth Amendment, and that this failure caused Mr. Yazzie to enter into a "harsh" plea agreement. (Doc. 9 at 4). United States District Judge James O. Browning denied Mr. Yazzie's § 2255 motion on October 31, 2015, (Doc. 23), which decision Mr. Yazzie then unsuccessfully appealed, (Doc. 31).

Mr. Yazzie now seeks reconsideration of that denial. (Doc. 44); (Doc. 46). In his Motion to Reconsider, filed October 4, 2021, Mr. Yazzie argues that the Court erred in relying on the legal opinions of his attorney, James Loonam, and the second attorney with whom he consulted, Susan Dunleavy, in rendering its decision on his § 2255 motion. *See* (Doc. 44). Mr. Yazzie contends there has been an "extraordinary . . . defect in the integrity of the habeas court, where the . . . court relied on Attorney James Loonam and Ms. Dunleavy" such that "petitioner's Motion to Suppress Statement was already decided by the two attorneys." *Id.* at 1.

Mr. Yazzie again argues that if his attorney had filed a motion to suppress his statement, he would not have entered a "harsh plea agreement" and would instead either have gone to trial or entered into a more favorable plea agreement. *Id.* at 2. Mr. Yazzie states that in his § 2255 motion he alleged that his statement should have been suppressed under the Fourth Amendment, as opposed to 18 U.S.C. § 3501(c), which he

2

states is what his attorneys had previously considered. *Id.* at 3. Mr. Yazzie complains that in response to his § 2255 motion, the government argued that "petitioner did not receive ineffective assistance of counsel because Attorney James Loonam and Ms. Dunleavy had confirmed that there was no legal basis for a motion to suppress," and then "the magistrate judge said that the motion, files, and record shows that petition is not entitled to any relief," relying on "the same argument as the government." *Id.* at 2. Mr. Yazzie further states that "[r]elying on a previous motion to suppress statement to deny the § 2255 motion poisons the public confidence in the judicial process" and "thus injures not just the defendant, but the law as an institution and invites the risk of injustice to other litigants in a future case." *Id.* at 4. He urges that the Court "make the determination based on the 4th amendment violation and not the Attorneys' previous argument." *Id.* at 4. For these reasons, he asks that the judgment in this case be set aside. *Id.* at 1.

In Mr. Yazzie's *Letter to the Court*, he explains that his delay in filing the instant Motion for Reconsideration is due, in part, to a prison transfer which temporarily separated him from his possessions. (Doc. 42 at 1). In his *Letter to District Judge James O. Browning*, he alleges his innocence in the underlying criminal case and gives some factual details, including a conversation he had with his attorney about his confession. (Doc. 45 at 1-2). The Court construes these filings as addenda to his Motion to Reconsider. Finally, Mr. Yazzie's Motion for Mandamus seeks to compel the Court to issue a ruling on his Motion to Reconsider. (Doc. 46 at 1).

Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct

clear error or prevent manifest injustice. *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir.1995). A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law, but is not appropriate to revisit issues already addressed in prior filings. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Generally, "[a] motion under Rule 60(b) must be made within a reasonable time . . . no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c). For the reasons listed under Rule 60(b)(1)-(3), this deadline may not be extended and is not subject to the court's discretion. *Id.*; *see also* FED. R. CIV. P. 6(b)(2). However, no time limit applies to Rule 60(b)(6), other than that the motion be made within a reasonable time. *See* FED. R. CIV. P. 60(c)(1); *see also Jones v. Azar*, 19-cv-477 JB/JHR, 2020 WL 4569442, at *8 (D.N.M. Aug. 8, 2020).

    Here, Mr. Yazzie indicates that his Motion to Reconsider is brought under Rule 60(b)(6), for which "any other reason that justifies relief" is the grounds for reconsideration. (Doc. 44 at 1). As such, his Motion to Reconsider is exempt from the strict one-year deadline. Nevertheless, he was required to file it within a reasonable time. The Court finds that, even under that more liberal timeframe, his Motion to Reconsider is unreasonably untimely. He filed it almost six years after United States District Judge James O. Browning issued his decision denying the § 2255 motion. *See* (Doc. 23); (Doc. 44). To the extent that Mr. Yazzie's transfer between prison facilities may have caused a delay, such a transfer does not justify a six-year delay. The Motion to Reconsider is therefore barred. FED. R. CIV. P. 60(c)(1).

The Court therefore **RECOMMENDS** Mr. Yazzie's *Motion Pursuant to Rule 60(b)(6) Federal Rules of Civil Procedure*, (Doc. 44), be **DENIED**, and his *Motion for Writ of Mandamus*, (Doc. 46), be **DENIED AS MOOT**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE