IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIS J. YAZZIE,

    Petitioner,

vs.                                                                   No. CIV 14-0894 JB/CG
                                                                                  No. CR 10-1761 JB

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER ADOPTING THE CHIEF MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on: (i) the Chief Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 21, 2022 (Doc. 47)("PFRD"); and (ii) the Petitioner's Response to the Proposed Findings and Recommended Disposition, filed February 3, 2022 (Doc. 49)("Objections"). In the PFRD, the Honorable Carmen Garza, Chief Magistrate Judge for the United States District Court for the District of New Mexico, recommends that the Court deny Petitioner Willis J. Yazzie's Motion Pursuant to Rule 60(b)(6) Federal Rules of Civil Procedure, filed October 4, 2021 (Doc. 44)("Rule 60(b) Motion"), and deny as moot his Motion for Writ of Mandamus, filed December 1, 2021 (Doc. 46)("Mandamus Motion"). See PFRD at 1, 5. The parties were informed that objections to the PFRD were due within fourteen days of the date the PFRD was filed. See PFRD at 5. Yazzie timely filed his objections to the PFRD on February 3, 2022. See Objections at 1. The Government has not responded to Yazzie's Objections, and the time for doing so has passed. See Rule 12 of the Rules Governing Section 2255 Proceedings in the United States District Courts; Fed. R. Civ. P. 72(b)(2). Following a de novo review of the motions, the PFRD, and Yazzie's Objections, the Court will overrule the Objections,

adopt the PFRD, deny the Rule 60(b) Motion with prejudice, and deny as moot the Mandamus Motion.

## BACKGROUND

This case stems from Yazzie's conviction in 2011 for aggravated sexual abuse. See PFRD at 2. In October, 2014, three years after his conviction, Mr. Yazzie filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, filed October 3, 2014 (Doc. 1)("§ 2255 Motion"), in which he contends that his trial counsel did not seek to suppress incriminating statements, ultimately causing Yazzie to enter into an overly harsh plea agreement. On October 31, 2015, the Court dismissed with prejudice Yazzie's § 2255 Motion, determining that Yazzie had failed "to show that his counsel's performance was deficient." Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition at 9, filed October 31, 2015 (Doc. 23)("2015 PFRD"). In particular, the Court concluded that Yazzie did not offer any facts showing that his trial counsel's decision not to file a motion to suppress was "objectively unreasonable." 2015 PFRD at 7. The Court explained that Yazzie needed to "show that his counsel's performance was 'completely unreasonable, not merely wrong.'" 2015 PFRD at 7 (quoting United States v. Eaton, 20 F. App'x 763, 768 (10th Cir. 2001)(unpublished)[1]).

---

[1] United States v. Eaton is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

On November 9, 2015, Yazzie appealed the Court's denial of his § 2255 Motion to the United States Court of Appeals for the Tenth Circuit, and applied for a certificate of appealability. See Notice of Appeal at 1, filed November 9, 2015 (Doc. 24).  On February 4, 2016, the Tenth Circuit denied Yazzie's application for a certificate of appealability and dismissed his appeal.  See Order Denying Certificate of Appealability at 2, filed February 4, 2016 (Doc. 31).  On March 31, 2016, Yazzie petitioned the Supreme Court of the United States of America for a writ of certioarari, which the Supreme Court denied on May 16, 2016.  See Notice of Petition at 1, filed March 31, 2016 (Doc. 33). Yazzie requested authorization to file a second or successive habeas petition under 28 U.S.C. § 2255, which the Tenth Circuit denied on April 13, 2017, see Order, filed April 13, 2017 (Doc. 39).  On September 6, 2021, Yazzie submitted a letter to the Court, stating his intention to file a Rule 60(b) Motion and explaining that COVID-19 lockdowns at the prison facility and his transfer in 2021 from the Federal Correctional Institute ("FCI") in Big Spring, Texas, to the FCI in Anthony, Texas, caused the delay in filing a Rule 60(b) Motion.  See Letter from Willis Yazzie to the Court at 1 (dated September 6, 2021), filed September 9, 2021 (Doc. 42)("Sept. Letter").  In the Sept. Letter, Yazzie also argues that the Court improperly relied on his trial counsel's determination that his incriminating statements "could not be suppress[ed]" as opposed to determining for itself "if [his] statement[s] could be suppressed." Sept. Letter at 1.  On October 4, 2021 -- approximately six years after the Court's denial of his § 2255 Motion -- Yazzie filed the Rule 60(b) Motion, asking the Court to set aside its previous denial of his § 2255 Motion.  See Rule 60(b) Motion at 1.  Yazzie argues that the Court errs in its analysis of his ineffective-

---

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that United States v. Eaton, Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007), and Griffin v. Reid, 259 F. App'x 121 (10th Cir. 2007), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Order.

assistance-of-counsel claim, particularly where the Court analyzes the suppression issue under the Fourth Amendment to the Constitution of the United States of America, as opposed to the Fifth and Sixth Amendments.  See Rule 60(b) Motion at 2-3.  On November 3, 2021, Yazzie filed another letter, arguing that he is actually innocent of the underlying aggravated sexual abuse crime.  See Letter from Willis Yazzie to the Court at 1 (dated November 1, 2021), filed November 3, 2021 (Doc. 45)("Nov. Letter").  Specifically, Yazzie contends that, around the time of his plea agreement, he had said he wanted "to have the girls reinvestigated because [he] did not do what the girls [were] saying."  Nov. Letter at 1.  He suggests that the sexual abuse was committed, not by him, but rather, by one of the victim's friends.  See Nov. Letter at 1.  On December 1, 2021, Yazzie filed the Mandamus Motion, seeking to compel the Court to issue a ruling on his Rule 60(b) Motion.  See Mandamus Motion at 1.  The United States has not responded to any of these filings.

In the PFRD, Chief Magistrate Judge Garza considers the Rule 60(b) Motion, the Mandamus Motion, as well as the letters Yazzie submitted to the Court, which Chief Magistrate Judge Garza construes as addenda to the Rule 60(b) Motion.  See PFRD at 3.  Chief Magistrate Judge Garza concludes that Yazzie's Rule 60(b) Motion is untimely, explaining that, although the Rule 60(b) Motion is not subject to the one-year deadline set forth in rule 60(c)(1), Yazzie did not file the Rule 60(b) Motion within a "'reasonable time,'" as rule 60(c) requires.  PFRD at 4 (quoting Fed. R. Civ. P. 60(c)).  Chief Magistrate Judge Garza concludes that Yazzie's Mandamus Motion is moot, and recommends that the Court deny the Rule 60(b) Motion with prejudice and deny the Mandamus Motion as moot.  See PFRD at 5.

On February 3, 2022, Yazzie filed timely Objections to the PFRD.  See Objections at 1.  The United States has not filed a response.  First, Yazzie objects to Chief Magistrate Judge Garza's conclusion  that Yazzie's transfer between prison facilities did not justify his delay in filing the

Rule 60(b) Motion. See Objections at 1. Second, Yazzie argues that Chief Magistrate Judge Garza erroneously construes his Rule 60(b) Motion as a motion to reconsider. See Objections at 1. Third, Yazzie argues that, under D.N.M. LR-Civ 7.1(b), Chief Magistrate Judge Garza should have granted the Rule 60(b) Motion, because the United States did not respond to it. See Objections at 1.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(c).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Prop., with Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[2] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986), superseded by statute on other grounds as stated in De Vargas v. Mason & Hanger-Silas Mason Co., 911 F.2d 1377 (10th Cir. 1990); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first

---

[2]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States of America -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of this waiver rule -- notes:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S.Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H.R.Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See Id. at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order"). The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(c), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that

> Congress, in enacting § 636(b)(1)(c), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 151-52 (footnotes omitted).

The Tenth Circuit has noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d at 659 ("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit also noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal, because such action would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district court elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and

- 8 -

recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did

"not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the Plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. See 2013 WL 1010401, at *1, *4. The Court generally does not, however, "review the PFRD de novo, because

the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'" Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.). See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the PFRD, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the

magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## ANALYSIS

In his Objections, Yazzie first challenges Chief Magistrate Judge Garza's conclusion that Yazzie's transfer between prison facilities does not justify the delay in filing the Rule 60(b) Motion. See Objections at 1. He contends that Chief Magistrate Judge Garza should have "seen the docket of all the filed motions of the case," which showed that he "could not file a Rule 60(b)(6) because of the pending motions." Objections at 1. Yazzie elaborates that, during the COVID-19 lockdowns, he was told that "he was being transferred and had to pack out all his property around May of 2021 and was not [transferred] until August of 2021." Objections at 2. Finally, Yazzie offers an additional justification for the delay in his filing the Rule 60(b) Motion, explaining for the first time in his Objections that he "had no access to any legal tools," such as the law library of his facility, when his facility "went on lock[]down for . . . COVID-19 in September of 2020." Objections at 1-2.

Generally, rule 60(b) motions to obtain relief from a judgment or order based on "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), must be brought "within a reasonable time . . . [but] no more than a year after the entry of judgment or order or the date of the proceeding," Fed. R. Civ. P. 60(c)(1). See Nissen v. United States, No. CIV 21-0505 JB/SMV, 2021 WL 3663799, at *7 (D.N.M. Aug. 18, 2021)(Browning, J.)(citing Blanchard v. Cortes-Molina, 453 F.3d 40, 44 (1st Cir. 2006)). The pendency of an appeal does not toll the time limit for filing a rule 60(b) motion. See Fed. R. Civ. P. 60(c)(1); Griffin v. Reid, 259 F. App'x 121, 123 (10th Cir. 2007)(unpublished). There is no deadline for Rule 60(b)(6) motions, however, which

provide relief from a judgment or order for "any reason that justifies relief[,]" other than that the motion must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1).

Yazzie waited six years from this Court's denial of his § 2255 Motion to file the Rule 60(b) Motion: Yazzie filed the 2015 PFRD on October 31, 2015, and the Rule 60(b) Motion on October 4, 2021. See 2015 PFRD at 1; Rule 60(b) Motion at 1. While Yazzie explains in the Sept. Letter that COVID-19 lockdowns and his 2021 prison transfer caused the delay, Yazzie does not explain how issues affecting the past two years caused a six-year delay. Even under Rule 60(b)(6)'s more lenient time limit, which Chief Magistrate Judge Garza applies in the PFRD, a six-year delay is not "a reasonable time." See, e.g., Ruiz v. United States, No. CIV 10-1163 WJ/DJS, 2016 WL 11359199, at *2 (D.N.M. Feb. 10, 2016)(Johnson, J.)(finding twenty-one-month delay unreasonable even under Rule 60(b)(6)).

The justifications Yazzie offers in his Objections likewise do not persuade the Court. First, the Court notes that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d at 1426. Moreover, that Yazzie's appeal of this Court's denial of his § 2255 Motion was pending does not absolve him of adhering to rule 60(c)'s time limits. See Fed. R. Civ. P. 60(c)(1); Griffin v. Reid, 259 F. App'x at 123; Advanced Optics Elecs., Inc. v. Robins, 769 F. Supp. 2d 1285, 1301 (D.N.M. 2010)(Browning, J.)("The pendency of an appeal does not toll the time requirement for pursuing a motion governed by rule 60(c)(1)."). Even if such an appeal tolls rule 60(c)'s time limits, however, Yazzie waited an additional four years from the conclusion of his appeal to file the Rule 60(b) Motion. A four year delay is also unreasonable.

Further, that Yazzie "had no access to any legal tools" when his facility "went on lock[]down for . . . COVID-19 in September of 2020" does not, as discussed above, explain how

the past two years' pandemic caused a six-year delay. Objections at 1-2. Accordingly, Yazzie's Rule 60(b) Motion is time-barred. See Fed. R. Civ. P. 60(c)(1). The Court, therefore, will overrule Yazzie's first Objection to the PFRD.

In his second Objection, Yazzie contends that Chief Magistrate Judge Garza erroneously construes his Rule 60(b) Motion as a motion to reconsider. See Objections at 1. The Court disagrees with this contention. Chief Magistrate Judge Garza did not examine Yazzie's Rule 60(b) Motion merely as a motion to reconsider, but rather, under rule 60(b) of the Federal Rules of Civil Procedure. See PFRD at 4. For instance, Chief Magistrate Judge Garza explains that Rule 60(b) generally sets a one-year deadline to file a motion under the rule. See PFRD at 4. Chief Magistrate Judge Garza also explained that, although Yazzie's Rule 60(b) Motion is exempt from this strict deadline, it is still not timely under the requirement to file "within a reasonable time." PFRD at 4. See Fed. R. Civ. P. 60(b)-(c)(1). Yazzie's Objection in this regard is thus unavailing, and the Court will overrule it.

Finally, Yazzie objects to Chief Magistrate Judge Garza's decision not to grant Yazzie's Rule 60(b) Motion as unopposed under the local rules. See Objections at 1. While the United States' decision[3] not to respond allows the Court to deem the Rule 60(b) Motion unopposed, it does not require the Court to grant the motion. See D.N.M. LR-Civ. 7.1(b); Tacitus, LLC v. Air Liquide Helium Am., Inc., No. CIV 20-1300 GJF/KK, 2020 WL 7771157, at *1 (D.N.M. Dec. 30, 2020). The Court declines to grant the Rule 60(b) Motion even though it is unopposed, because the motion is fundamentally defective. That is, Yazzie's Rule 60(b) Motion is procedurally time-barred under the federal rules. The Court, therefore, will overrule Yazzie's third Objection.

---

[3]The United States needs to respond to motions and not put all the burden on the Court to do the work.

Accordingly, the Court will adopt the PFRD, deny Yazzie's Rule 60(b) Motion, overrule Yazzie's Objections, and deny Yazzie's Mandamus Motion as moot.

**IT IS ORDERED** that: (i) the Chief Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 21, 2022 (Doc. 47), is adopted; (ii) the Petitioner's Response to the Proposed Findings and Recommended Disposition, filed February 3, 2022 (Doc. 49), are overruled; (iii) the Petitioner's Motion Pursuant to Rule 60(b)(6) Federal Rules of Civil Procedure, filed October 4, 2021 (Doc. 44), is denied; (iv) the Petitioner's Motion for Writ of Mandamus, filed December 1, 2021 (Doc. 46), is denied; and (v) Final Judgment will be entered.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Willis J. Yazzie, Sr.
Anthony, New Mexico

    *Petitioner pro se*

Fred J. Federici
  United States Attorney
Thomas Aliberti
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Defendant*