IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIS J. YAZZIE,

       Petitioner,

v.                                                        CV No. 14-00894 JB/CG
                                                           CR No. 10-01761 JB

UNITED STATES OF AMERICA,

       Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Petitioner Willis Yazzie's *Motion for Reconsideration Pursuant to Rule 59(e) of Civil Procedure* (the "Motion"), (Doc. 53), filed June 2, 2022; and Respondent's *Response to Petitioner's Motion for Reconsideration* (the "Response"), (Doc. 54), filed June 7, 2022. Mr. Yazzie has not filed a reply in support of his Motion, and the time for doing so has now passed. *See* D.N.M.LR-Civ. 7.4(a) ("A reply must be served and filed within fourteen (14) calendar days after service of the response.").

This matter was assigned to the undersigned on October 3, 2014, and on October 6, 2014, United States District Judge James O. Browning referred this case to the undersigned to perform legal analysis and recommend an ultimate disposition. (Doc. 2). After considering the Motion, the Response, the record, and the relevant law, the Court **RECOMMENDS** that the Motion be **DENIED**.

    **I.**    **Background**

Mr. Yazzie is incarcerated at the Federal Correctional Institute in Anthony, Texas, as a result of his 2011 guilty plea to aggravated sexual abuse. (Doc. 23 at 2); (Doc. 46 at 2). Mr. Yazzie initially filed his *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or*

*Correct Sentence by a Person in Federal Custody* (the "§ 2255 Motion"), (Doc. 9), in February 2015, arguing ineffective assistance of counsel. In particular, he argued that his counsel failed to seek suppression of his statement under the Fourth Amendment, and that this failure caused Mr. Yazzie to enter into a harsher plea agreement than he would otherwise have entered into. (Doc. 9 at 4). United States District Judge James O. Browning denied Mr. Yazzie's § 2255 Motion on October 31, 2015, (Doc. 23), which decision Mr. Yazzie then unsuccessfully appealed, (Doc. 31). Mr. Yazzie also requested authorization to file a successive habeas petition, which the Tenth Circuit denied. (Doc. 39).

More recently, in October 2021, Mr. Yazzie filed a *Motion Pursuant to Rule 60(b)(6) Federal Rules of Civil Procedure*, (Doc. 44), challenging United States District Judge James O. Browning's October 2015 order denying his § 2255 Motion, which the Court denied as untimely. *See* (Doc. 47); (Doc. 51). In the same order, the Court also denied his related *Motion for Writ of Mandamus,* (Doc. 46), as moot. *Id.* The Court then entered a final judgment on April 28, 2022. (Doc. 52).

Mr. Yazzie now seeks reconsideration of that denial, and of the final judgment. (Doc. 53 at 1). In his Motion, Mr. Yazzie argues that the Court erred in denying his prior motion to reconsider as untimely, as he showed due diligence, in the years since United States District Judge James O. Browning's initial denial of his § 2255 Motion, by filing his appeal and his other motions. *Id.* at 2-3. Mr. Yazzie also asserts that since 2020, he has been delayed by logistical issues related to the COVID-19 pandemic. *Id.* at 2, 4. Finally, he asks that the Court grant a certificate of appealability. *Id.* at 4.

Respondent, in turn, asks that Mr. Yazzie's Motion be denied, as he fails to show an intervening change in controlling law, new evidence, clear error, or manifest injustice. (Doc. 54 at 2). Respondent argues that under Rule 59(e), it is not appropriate to revisit issues already addressed, as Mr. Yazzie seeks to do here. *Id.* Respondent also alleges that the instant Motion itself should be denied as untimely, as it was filed thirty-five days after the entry of the final judgment. *Id.*

## II.     Analysis

Grounds warranting a motion to reconsider under Rule 59 or Rule 60 include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir.1995); *see BNSF Ry. Co. v. Lafarge Sw., Inc.*, 1:06-cv-1076 MCA/LFG, 2009 WL 10665755, at *3 (D.N.M. Feb. 21, 2009). A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law, but is not appropriate to revisit issues already addressed in prior filings. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Here, Mr. Yazzie indicates that his Motion is brought under Rule 59(e), (Doc. 53 at 1), which has a twenty-eight-day deadline from the entry of judgment. FED. R. CIV. P. 59(e); *see* (Doc. 52). Mr. Yazzie also cites Rule 60(b)(6), under which motions are exempt from the otherwise strict one-year deadline, though they must still be filed "within a reasonable time." FED. R. CIV. P. 60(b)(6)-(c)(1); *see* (Doc. 53 at 3). Mr. Yazzie filed his Motion thirty-five days after the entry of judgment, on June 2, 2022. *See* (Doc.

53). As a pro se litigant, Mr. Yazzie's pleadings are to be liberally construed. *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991). Additionally, Mr. Yazzie is currently incarcerated, and had difficulties finding his paperwork due to multiple transfers, which may reasonably account for a seven-day delay. *See* (Doc. 53 at 4). The Court will therefore consider his Motion timely.

However, Mr. Yazzie's Motion does not establish proper grounds for the Court to reconsider its Order or judgment under either Rule 59 or Rule 60. United States District Judge James O. Browning already addressed Mr. Yazzie's arguments regarding both his other filings and his COVID-19-related delays at length in his April 2022 Order, in which he noted that the pendency of Mr. Yazzie's appeal did "not absolve him of adhering to rule 60(c)'s time limits" and found that Mr. Yazzie's motion to reconsider remained "procedurally time-barred under the federal rules." (Doc. 51 at 13, 14). In the instant Motion, Mr. Yazzie does not rely on an intervening change in the law, disclose any previously unavailable evidence, and or present any need to correct clear error or manifest injustice. *See* (Doc. 53). Instead, he seeks to reargue the same issues already ruled on by the Court. *See* (Doc. 51); (Doc. 53). Therefore, the Court will recommend denying Mr. Yazzie's Motion. *See Van Skiver,* 952 F.2d at 1243; *Servants of Paraclete*, 204 F.3d at 1012.

The Court therefore **RECOMMENDS** Mr. Yazzie's *Motion for Reconsideration Pursuant to Rule 59(e) of Civil Procedure*, (Doc. 53), be **DENIED**.

The Court also finds that Mr. Yazzie has failed to make a substantial showing of the denial of a constitutional right, pursuant to 28 U.S.C. § 2253(c), and therefore **RECOMMENDS** that the Court **DECLINE** to issue a certificate of appealability.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE