**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WILLIS JOHN YAZZIE, SR.,

        Petitioner,

vs.                                             **No. CIV 14-0894 JB/GBW**

                                                    **No. CR 10-1761 JB**

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Petitioner's Motion for Reconsideration Pursuant to Rule 59(e) of Civil Procedure [sic], filed June 2, 2022 (Doc. 53)("Reconsideration Motion"); (ii) the Respondent's Response to Petitioner's Motion for Reconsideration, filed June 7, 2022 (Doc. 54); (iii) Magistrate Judge Carmen Garza's Proposed Findings and Recommended Disposition, filed July 11, 2022 (Doc. 55)("Original PFRD"); (iv) the Petitioner's Response to the (PFRD), filed July 27, 2022 (Doc. 56)("Objections"); (v) the Respondent's Response to Petitioner's Motion for Reconsideration, filed July 28, 2022 (Doc. 57); (vi) Petitioner's Motion for COA, filed October 3, 2022[1] (Doc. 60)("Motion for COA"); and (vii) the Magistrate Judge Gregory Wormuth's Proposed Findings and Recommended Disposition, filed January 5, 2024 (Doc. 62)("Procedural PFRD"). Both PFRDs notified the parties of their ability to file objections within fourteen days and that the failure to file objections waived appellate review. See Original PFRD at 5; Procedural PFRD at 3. On July 10, 2024, Petitioner Willis John Yazzie, Sr., filed his Objections. Moreover, on October

---

[1]The Plaintiff originally incorrectly filed this case under a different case number. See Magistrate Judge Gregory Wormuth's Proposed Findings and Recommended Disposition at 2, filed January 5, 2024 (Doc. 62).

3, 2022, Yazzie filed the Motion for COA.  In the Procedural PFRD, to which no objections were filed, Magistrate Judge Wormuth recommends that, because the Motion for COA is premature, it be construed as an additional objection to the Original PFRD.  See Procedural PFRD at 1-2.  The Court agrees with and adopts the Procedural PFRD's analysis and recommendation.  Thus, the Court now will consider the objections in Yazzie's Objections and his Motion for COA.

In October, 2021, Yazzie filed a Motion Pursuant to Rule 60(b)(6) Federal Rules of Civil Procedure (dated September 30, 2021), filed October 4, 2021 (Doc. 44), challenging the Court's October, 2015, Order denying his § 2255 Motion as untimely.  See Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition, filed October 31, 2015 (Doc. 23).  In another order filed April 13, 2022, the Court denied as moot Yazzie's Motion for Writ of Mandamus, filed December 1, 2021 (Doc. 46).  See Memorandum Opinion and Order Adopting the Chief Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 13, 2022 (Doc. 51).  The Court then entered a Final Judgment on April 28, 2022.  See Final Judgment, filed April 28, 2022 (Doc. 52).  Yazzie now seeks reconsideration of that denial and of the final judgment.  See Reconsideration Motion at 1.  In the Reconsideration Motion, Yazzie argues that the Court erred in denying his prior motion to reconsider as untimely, as he showed due diligence, in the years since the Court's initial denial of his § 2255 Motion, by filing his appeal and his other motions.  See Reconsideration Motion at 2-3.  Yazzie also asserts that, since 2020, he has been delayed by logistical issues related to the COVID-19 pandemic.  See Reconsideration Motion at 2, 4.  Finally, he asks that the Court grant a certificate of appealability.  See Reconsideration Motion at 4.

Pursuant to rule 72(b) of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of the record and has "given fresh consideration to" all parts of Magistrate Judge Garza's PFRD to which Yazzie properly has objected.  United States v. Raddatz, 447 U.S. 667m 675

(1980)("Raddatz").  After conducting this de novo review, the Court will adopt Magistrate Judge Garza's conclusions, deny Yazzie's Reconsideration Motion, and decline to issue a certificate of appealability.

### LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement.").  Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute."  United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known As: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting

Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[2] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)).  "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060.  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007) (unpublished).[3]

---

[2]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

[3]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th

The Tenth Circuit also has noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")).   In One Parcel, the Tenth Circuit noted that the district judge decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because such actions would advance the interests underlying the waiver rule.   See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." Raddatz, 447 U.S. at 674.   The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).   The

--------

Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. . . . However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citing In re Citation of Unpublished Opinions/Ords. & Judgments, 151 F.R.D. 470 (10th Cir. 1993)).   The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Supreme Court of the United States has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's PFRD.  See Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may *accept*, reject, or modify, *in whole or in part*, the findings  or  recommendations  made  by  the magistrate,' . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'" (quoting 28 U.S.C. § 636(b)(1)(emphasis in Bratcher)).

Where no party objects to the Magistrate Judge's PFRD, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations.  In Workheiser v. City of Clovis, No. CIV 12-0485, 2012 WL 6846401 (D.N.M. December 28, 2012)(Browning, J.), where the plaintiff failed to respond to the Magistrate Judge's PFRD, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended disposition]," the Court nevertheless conducted such a review.  2012 WL 6846401, at *3.  The Court generally does not, however, review the Magistrate Judge's PFRD de novo, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous,

arbitrary, [obviously][4] contrary to law, or an abuse of discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at *3.

This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's PFRD.

---

[4]The Court previously used as the standard for review when a party does not object to the Magistrate Judge's PFRD whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law. Solomon v. Holder, No. CIV 12-1039, 2013 WL 499300, at *4 (D.N.M. January 31, 2013)(Browning, J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein."); O'Neill v. Jaramillo, No. CIV 11-0858, 2013 WL 499521 (D.N.M. January 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD." (citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3)); Galloway v. JP Morgan Chase & Co., No. CIV 12-0625, 2013 WL 503744 (D.N.M. January 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion"). The Court concludes that "contrary to law" does not reflect accurately the deferential standard of review that the Court intends to use when there is no objection. Finding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required when a party objects to the recommendations only. The Court concludes that adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will review, as it has done for some time now, Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

## ANALYSIS

Pursuant to rule 72(b) of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of the record and all parts of Magistrate Judge Garza's Original PFRD to which Yazzie has properly objected.   After conducting this de novo review, and having thoroughly considered the Original PFRD, Yazzie's Objections, and the Response to the Objections, the Court sees no reason either in law or fact to depart from Magistrate Judge Garza's recommended disposition.  The Court also construes Magistrate Judge Garza's PFRD to make a recommendation that the Court decline to grant a Certificate of Appealability, and therefore deny Petitioner's Motion for COA, which the Court adopts.   See Original PFRD at 4 ("The Court also . . . RECOMMENDS that the Court DECLINE to issue a certificate of appealability.").

**IT IS ORDERED** that (i) the objections in the Petitioner's Response to the (PFRD), filed July 27, 2022 (Doc. 56), are overruled; (ii) Petitioner's Motion for COA, filed October 3, 2022 (Doc. 60), is denied; (iii) Magistrate Judge Carmen Garza's Proposed Findings and Recommended Disposition, filed July 11, 2022 (Doc. 55), is adopted; (iii) Petitioner's Motion for Reconsideration Pursuant to Rule 59(e) of Civil Procedure [sic], filed June 2, 2022 (Doc. 53), is denied; and (iv) pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Willis J. Yazzie
Anthony, New Mexico

       *Petitioner pro se*

Alexander M.M. Uballez
  United States Attorney
Sarah Jane Mease
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

      *Attorney for Respondent United States of America*